Robert Durst AL-6324
Folsom State Prison
P.O. Box 950
Folsom, CA 95763
Pro se

**FILED**

FEB 05 2015


CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert DURST, ) | Case No. 2:15 - CV - 306   DAD HC |
| ) | |
| Petitioner, ) | |
| ) | PETITION UNDER 28 U.S.C. § 2254 |
| vs. ) | FOR WRIT OF HABEAS CORPUS BY |
| ) | A PERSON IN STATE CUSTODY |
| Ronald RACKLEY, Warden of ) | |
| Folsom State Prison.        ) | |

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Eastern District of California |
|---|---|---|
| Name Robert Wiliam Durst | Prisoner No. AL-6324 | Case No. |

Place of Confinement **Folsom State Prison**
**P.O. Box 950**
**Folsom, CA 95763**

Name of Petitioner (include name under which convicted)  Name of respondent (authorized person having custody of petitioner.)

**Robert DURST**          v.          **Ronald Rackley, Warden of FSP,**

The Attorney General of the State of: **California**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **Sacramento County Superior Court, 720 9th Street, Sacramento, CA 95814.**

2. Date of judgment of conviction **April 26, 2012.**

3. Length of sentence **Seventeen years.**

4. Nature of offense involved (all counts) **Arson causing GBI (P.C., § 451 (a)), 2nd degree burglary (P.C. § 459, felon in possession of f/arm (P.C. § 12021 (a)(1)), receiving stolen property (§ 496 (a), use of accelerant enhancement (P.C. § 451 (a)(5)), firefighters injured (P.C. § 451.1 (a)), one or more suffered GBI, and one prior prison term enhancement. (P.C. § 667.5 (b).)**

5. What was your Plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   **Not applicable.**

   /// 

6. If you pleaded not guilty, what kind of trial did you have? (Check one
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the trial?
   Yes ☑  No ☐

(2)

9. If you did appeal, answer the following:
   (a) Name of court **California Court of Appeal, Third Appellate District.**
   (b) Result **Judgment affirmed.**
   (c) Date of result and citation, if known **March 28, 2014.**
   (d) Grounds raised **1) Inadmissible statement under Miranda; 2) Improperly excluded evidence prejudiced Petitioner; 3) Attorney fees without notice violates due process.**
   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
      (1) Name of court **California Supreme Court.**
      (2) Result **Petition for review denied.**
      (3) Date of result and citation, if known **June 25, 2014.**
      (4) Grounds raised **1) Was Petitioner's ground that his confession was involuntary forfeited on his direct appeal; because he failed to acknowledge the facts as found by the trial court in the suppression hearing; 2) Was petitioner's confession inadmissible under Miranda v Arizona, 384 U.S. 436?**
   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
      (1) Name of court **California Supreme Court denial of Petition for review.**
      (2) Result **Certiorari denied.**
      (3) Date of result and citation, if known **December 15, 2014.**
      Grounds raised **1) Was Petitioner's ground that his confession was involuntary forfeited on his direct appeal; because he failed to acknowledge the facts as found by the trial court in the suppression hearing; 2) Was petitioner's confession inadmissible under Miranda v Arizona, 384 U.S. 436?**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? What was your Plea? (Check one)
    Yes ☐   No ☑

11. If your answer to 10 was "yes," give the following information:
    (a)(1) Name of court **///**
       (2) Nature of proceedings **///**
          **///**

    (3) Grounds raised ///

    ///

    ///

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐   No ☑

    (5) Result ///

    (6) Date of result ///

(b) As to any second petition, application or motion give the same information:

    (1) Name of court ///

    (2) Nature of proceedings ///

    ///

    (3) Grounds raised ///

    ///

    ///

    ///

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐   No ☑

    (5) Result ///

    (6) Date of result ///

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

    (1) First petition, etc.   Yes ☑   No ☐
    (2) Second petition,     Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    **Not applicable.**

    ///

    ///

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to his conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury, which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **PETITIONER SHOULD NOT BE HELD TO HAVE FORFEITED HIS CONTENTION THAT HIS CONFESSION WAS COERCED FOR FAILING TO STATE THE FACTS OF THE QUESTIONING IN THE LIGHT MOST FAVORABLE TO THE LOWER COURT RULING.**

Supporting FACTS (state *briefly* without citing cases or law): The State Appellate Court concluded that Petitioner forfeited his argument on the suppression hearing conducted in the State trial Court. There was nothing preventing the State Court of Appeal from addressing on the merits an issues that has been preserved in the trial court for review, which has been briefed by both parties, and where the facts are contained in the record as being an unreasonable determination of the facts and/or the laws.

Forfeiture of an argument on these grounds cannot be characterized as anything other than an extreme remedy, and Petitioner respectfully requested that the Highest State Court grant review to determine whether this opinion correctly establishes such a precedent, and whether such a remedy is appropriate in this case.

B. Ground two: **PETITIONER'S STATEMENT WAS INADMISSIBLE UNDER MIRANDA V ARIZONA (1966) 384 U.S. 436.**

Supporting FACTS (state *briefly* without citing cases or law): The State Court opinion below stated that Petitioner was "not in custody" during the July 19 interview. Petitioner does not agree that this lower court ruling was a reasonable determination under the facts or the laws in this case. Petitioner asserts that he was deprived the right to be free of self-incrimination due to police interrogation; he was interviewed by the police at the police station, he was told that he was free to leave at any time, but Petitioner told the police that he knew he was not free to leave,

the interrogation took place over a nine-hour period of time, and there were two police officers and a polygraph examiner present. The goal of this interrogation was clear from the outset; the detectives believed petitioner was responsible for the explosion and they wanted him to confess to it—without the benefit of a **Miranda** advisement. They repeatedly lied to Petitioner, they repeatedly told Petitioner he was lying to them, they said over and over again that they knew Petitioner was responsible. They made it clear that Petitioner was going to tell them the "truth," or at least what they believed the "truth" to be. The detectives were highly aggressive, confrontational, and accusatory. As a result of this interrogation Petitioner was arrested. For many reasons, too numerous to go into here, the opinion below in the State Court of Appeals is an unreasonable determination of the facts and the laws of **Miranda** right to be free of police brutality.

C. Ground three: ///

///

**Supporting FACTS** (state *briefly* without citing cases or law): ///

///
///
///
///
///
///
///

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:
**Not applicable.**

///

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing **Richard A. Cohen, Assistant Public Defender County of Sacramento.**
    ///
    (b) At arraignment and plea **Richard A. Cohen, Assistant Public Defender County of Sacramento.**
    ///

(c) At trial **Richard A. Cohen, Assistant Public Defender County of Sacramento.**

///

(d) At sentencing **Richard A. Cohen, Assistant Public Defender County of Sacramento.**

///

(e) On appeal **Stephen M. Hinkle, 11260 Donner Pass Road, C-1, #138, Truckee, CA  96161.**

///

(g) At other proceedings **None.**

///

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future: **None.**

   ///

   (b) Give date and length of the above sentence: **///**

   ///

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐   No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

<u>January 26, 2015</u>
(date)

X _____
Signature of Petitioner

(7)

## PROOF OF SERVICE BY MAIL

I <u>Robert Durst</u>, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: <u>AL-6324</u>

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON <u>January 26</u>, 2015, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

Clerk of the U.S. District Court
For the Eastern District of California
501 I Street, Room 4-200
Sacramento, California 95814

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED <u>January 26</u>, 2015, AT FOLSOM STATE PRISON, FOLSOM, CALIFORNIA 95763.

X _____